# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **NOROC PARTNERS, LLC, et al.,** § | |
| *Plaintiffs* § | |
| § | |
| v. § | **Case No. 1:25-cv-00655-ADA-SH** |
| § | |
| **BENJAMIN PONDER and** § | |
| **AMY PONDER,** § | |
| *Defendants* § | |

## ORDER

Now before the Court are Defendants' Motion to Compel Plaintiffs' Depositions, filed November 13, 2025 (Dkt. 24); Plaintiffs' Response, filed November 21, 2025 (Dkt. 25); and Defendants' Reply, filed November 26, 2026 (Dkt. 26).[1]

Defendants ask the Court to compel Plaintiffs to provide available deposition dates for Plaintiffs Josh Levine, Adam Nunes, and Daren Mulholland. Plaintiffs respond that they have now provided available dates in December 2025 for all three Defendants, rendering the motion moot. Plaintiffs also state that the motion was unnecessary and filed prematurely because "Plaintiffs' counsel was responsive and conferred in good faith regarding the scheduling of these depositions through numerous emails and telephone conferences." Dkt. 25 at 2. In reply, Defendants state that the motion is not moot because none of the three depositions has been scheduled and raise a new issue as to their location in Austin or New York.

Plaintiffs recognize their delay in scheduling depositions "during a period when Plaintiffs' counsel faced an unusually demanding schedule." Dkt. 25 at 2. But emails submitted with the

---

[1] The District Court referred this matter to this Magistrate Judge for disposition of all non-dispositive motions and report and recommendation on all case-dispositive matters, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and the District Court's Standing Order. Dkt. 3.

1

briefs show that the parties are making good-faith efforts to schedule the outstanding depositions. Accordingly, the Court finds that judicial intervention is not required at this time.

The parties are **ORDERED** to meaningfully confer in good faith as required by Local Rule CV-7(g), in person or by telephone or videoconference, then file a Joint Advisory to the Court by **December 12, 2025**. The Joint Advisory must discuss the parties' conference(s) and inform the Court whether they have scheduled the depositions of Levine, Nunes, and Mulholland before the February 13, 2026 fact discovery deadline.[2] If they fail to do so, the parties must briefly set forth their position on each disputed issue requiring resolution by the Court, citing supporting authority.

After considering the Joint Advisory, the Court will determine whether a hearing is necessary to address any issues the parties cannot resolve without Court intervention. If no issues remain, Defendants' Motion to Compel Plaintiffs' Depositions will be dismissed as moot.

**SIGNED** on December 1, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] The agreed fact discovery deadline in the Joint Proposed Scheduling Order, Dkt. 13-1 at 2.